UNITED STATES (COOKE v.). See Case No. 3,178.

## Case No. 14,856.

### UNITED STATES v. COOKENDORFER.

[5 Cranch. C. C. 113.] 1

Circuit Court, District of Columbia. March Term, 1837.

RECOGNIZANCE—FORFEITURE—HOW REMITTED.

After the term in which a recognizance has been forfeited, in a criminal case, the court cannot remit the forfeiture: but. the president of the United States can. under the act of congress. of the 17th of June, 1812 [2 Stat. 752].

Scire facias on a recognizance dated January 12th, 1835, in the sum of $1,000, to be paid if Francis Dixon should not appear on the 13th of January, 1835, or should depart from the court without its leave. The recognizance was respited till March term. 1835. and from that term till November term. 1835, when Dixon was called, and. not appearing, his default. and that of his surety,. the defendant [Thomas Cookendorfer]. were entered of record. and this scire facias was issued thereon returnable to March term, 1836. A new capias was also issued against Dixon. returnable to the same term. and was returned non est. Neither the scire facias: nor the recognizance states the offence with which Dixon was charged, or for which he was arrested; nor does it appear upon the record in this case.

Mr. Dandridge, for defendant, moved the court to discharge the parties, principal and bail. from the obligation of this recognizance; and contended that this court has the same power to remit the forfeiture that the court of exchequer has in England. The ground of the motion is that since the forfeiture. the indictment. for the offences with which Dixon was charged, has been quashed by the court for the reasons stated in U. S.

---

1 [Reprinted from 29 Leg. Int. 221, by permission.]

1 [Reported by Hon. William Cranch, Chief Judge.]

v. Cooly [Case No. 14,859], at March term, 1836, which fact was conceded by the district attorney.

Mr. Dandridge. cited Davidson v. Taylor, 12 Wheat. [25 U. S.] 604; Rex v. Tomb. 10 Mod. 278; Belither v. *Gibbs, 4 Burrows, 2118; Rex v. Spencer, 1 Wils. 315; 3 Petersd. Abr. 251, 356; Act Md. 1782, c. 42, § 2; Beers v. Haughton, 9 Pet. [34 U. S.] 358. See, also, 1 Chit. Cr. Law. 300–303.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that after the term in which a recognizance has been forfeited, in a criminal case, they have no power to remit the forfeiture, and overruled Mr. Dandridge's motion, but recommended the case to the consideration of the president of the United States, who made this indorsement on the petition: "The indictment having been quashed, the recognizance ought not to be enforced. On that sole ground the remission is directed on payment of costs. M. V. B."